UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LARRY GENE MARTIN, ) | C/A No. 4:11-473-MBS-TER |
| Petitioner, ) | |
| vs. ) | **Report and Recommendation** |
| WARDEN TIM RILEY, ) | |
| Respondent. ) | |

Petitioner, Larry Gene Martin (Petitioner/Martin), is currently incarcerated at Tyger River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 28, 2011. Respondent filed a motion for summary judgment on July 26, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed July 28, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #25). Petitioner has not filed a response to Respondent's motion for summary judgment.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. Petitioner has not filed any documents with this court since the filing of his petition in March 2011. No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address the Respondent's motion for summary judgment in relation to the issues raised in the petition.

### I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is currently confined at the Tiger River Correctional Institution. Petitioner pleaded

guilty to 2nd degree Criminal Sexual conduct ("CSC") with a Minor. Petitioner's first attorney was allowed to withdraw representation after Petitioner filed a grievance against him. (App. 7). Robert J. Johnston was subsequently appointed to represent Petitioner. Prior to his plea, Petitioner also filed a grievance against Attorney Johnston. (App. 8). However, Attorney Johnston was exonerated at which point the State went forward with Petitioner's arraignment on January 11, 2006. After the court questioned Petitioner regarding the fact that he had no other grievances with his attorney and was satisfied with his services, the court proceeded to explain his rights to a trial by jury. After stating that he understood his rights, Petitioner stated he wished to waive his rights and plead guilty. The plea court also questioned Petitioner if understood that he could receive up to twenty (20) years on the charge to which he was pleading guilty and that it was likely he would not receive a sentence "on the lower side of that[.]" (App. 15-16). Petitioner acknowledged that he understood this. (Id.). Thereafter, the State read the indictment, gave the factual basis for the plea and Petitioner re-affirmed that he was guilty. (App. 16-19). With that, the plea court accepted Petitioner's plea finding it was freely and voluntarily entered and Petitioner understood and waived his rights. (App. 19- 20). The plea court then granted Petitioner's request for a continuance of the sentencing portion of the proceeding so counsel could gather mitigation witnesses to testify on behalf of Petitioner. (App. 20).

On February 13, 2006, a sentencing hearing was conducted. (App. 21-50). At the sentencing hearing, the State reviewed the factual basis for Petitioner's plea and gave the plea court additional background information regarding the circumstances surrounding the crime. (App. 21-35). Additionally, multiple family members from the victim's and Petitioner's family provided their views regarding an appropriate punishment for Petitioner. (App. 35-50). At the conclusion of the

hearing, Petitioner was sentenced to eighteen (18) years imprisonment and was designated a sexually violent predator. (App. 47-49). A timely notice of appeal was filed on February 23, 2006.

On appeal, Petitioner's counsel, Robert Dudek, filed an <u>Anders</u> brief arguing Petitioner's guilty plea was invalid as the trial court's allegedly "truncated waiver of rights colloquy failed to satisfy the mandates of <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709 (1969)[.]" (App. 179-89). Petitioner filed a *pro se* brief. On April 7, 2008, the Court of Appeals dismissed Petitioner's appeal. (App. 175). Thereafter, Petitioner filed a variety of documents which "due to the title of the document" was filed "as a petition for rehearing under Rule 221(a), SCACR, in [Petitioner's] case." (App. 176–77). After reviewing the documents, the Court of Appeals found "there is absolutely no way in which the documents filed by Mr. Martin can be construed as a petition for rehearing under Rule 221(a), SCACR." (App. 177). Accordingly, the Court of Appeals denied Petitioner's pending motions, found that Petitioner did not timely file a petition for rehearing and requested the Clerk of Court immediately issue the remittitur. (App. 177). Pursuant to this order, the remittitur was issued on June 19, 2008. (App. 178).

Following the dismissal of his Appeal, Petitioner timely filed an application for post-conviction relief ("PCR") on October 17, 2008. (App. 51-57). In his application, Petitioner argued his plea was involuntarily tendered as a result of ineffective assistance of counsel. (App. 52-53). In response, the State filed its Return on December 9, 2008, requesting an evidentiary hearing on the matter. (App. 58-62).

On January 26, 2009, and evidentiary hearing was conducted before the Honorable Larry B. Hyman at the Horry County Courthouse. (App. 63-153). Petitioner was represented by Paul Archer, while the State was represented by Christina Catoe. (App. 63). During the hearing Petitioner and

defense counsel both testified. (App. 65-137, 137-53). Thereafter, the PCR court issued an order denying relief on February 11, 2009. (App. 154-60). Following the denial of relief, counsel timely filed and served a Notice of Appeal on February 17, 2009.

On November 30, 2009, Petitioner's appellate counsel, M. Celia Robinson, filed a petition for writ of certiorari pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988) arguing that "the PCR judge erred in denying relief despite trial counsel's ineffectively failing to object to the insufficient indictment." Petitioner filed a pro se brief.[2] Thereafter, certiorari was denied on January 7, 2011. The remittitur was issued on January 25, 2011.

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on February 28, 2011, in which Petitioner raises the following, quoted verbatim:

GROUND ONE:   The PCR judge erred in not granting the Petitioner relief in PCR due to ineffective assistance of counsel in failing to motion for charges be dismissed and failing to object to the insufficient indictment by the indictment failing to allege what type of battery was performed there by violating his 5th, 6th, and 14th Amendments of the Constitution as well as Article IV § 2 and his rights of due process violated by the indictments failure to sufficiently and properly allege how the battery was accomplished.

(Petition).

---

[2] In his *pro se* brief, Petitioner argued as follows: (1) "the trial court lacked subject matter jurisdiction due to the solicitor's use of a prohibited practice before the grand jury[;]" (2) "the trial court lacked subject matter jurisdiction due to the non-coextensiveness of jurisdiction between the trial court and grand jury[;]" (3) "the trial court lacked subject matter jurisdiction due to the repealment of the jurisdiction of county courts and their grand juries[;]" (4) "the trial court lacked subject matter jurisdiction due to the non-action of a grand jury of competent jurisdiction[;]" and (5) "[t]hrough Fruit of the Poisonous Tree Doctrine, the trial court lacked subject matter jurisdiction by invalidity of arrest and warrant[.]"

### III.  SUMMARY JUDGMENT

As stated above, the Respondent filed a return and memorandum of law in support of the motion for summary judgment. Petitioner did not file a response to Respondent's motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-

moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a

> State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## V.  PROCEDURAL BAR

A.  Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the

8

exhaustion doctrine[3], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. §2254[4]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[3] As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[4] §2254(b) and (c) read as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

9

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claims is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the

alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B.  Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993).

Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

Respondent contends that the claim raised by Petitioner is procedurally barred as it was not ruled upon by the PCR court in its order of February 11, 2009, and Petitioner failed to properly file a Rule 59(e), SCRP Motion to Alter or Amend.

In Ground One, Petitioner asserts that the PCR judge erred in not granting Petitioner relief due to "ineffective assistance of counsel in failing to motion for charges be dismissed and failing to object to the insufficient indictment by the indictment failing to allege what type of battery was performed there by violating his 5th, 6th, and 14th Amendments of the Constitution as well as Article IV §2 and his rights of due process violated by the indictments failure to sufficiently and properly allege how the battery was accomplished." (Petition). Respondent asserts that this issue was not ruled upon by the PCR court, and thus, the claim is procedurally barred. Respondent contends that, even assuming this claim was before the PCR court, the PCR court failed to rule on the claim, and Petitioner failed to request a ruling via a Rule 59(e), SCRCP.

This claim was not ruled upon by the PCR Court in its Order of Dismissal.[5] Petitioner failed

---

[5] The PCR court ruled on the issue of whether or not the indictment was flawed because it was not appropriately clock-stamped by the clerk of court, and the solicitor failed to follow the proper procedural rules with respect to the indictment. However, the PCR court did not rule on the issue of counsel being ineffective for failing to motion that the charges be dismissed based on the insufficient indictment which did not express what form of battery was performed.

to properly request a ruling pursuant to Rule 59(e), SCRCP.[6] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[7] Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not filed a response to the motion for summary judgment and has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground One be dismissed as procedurally barred.[8]

## VII. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #24) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

---

[6] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[7] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

[8] Additionally, deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). Additionally, claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 6 , 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**