IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Gene Martin, | ) |
|                Petitioner, | ) C/A No. 4:11-0473-MBS<br>)<br>) |
| vs. | )<br>) **O R D E R** |
| Warden Tim Riley, | )<br>) |
|                Respondent. | ) |

Petitioner Larry Gene Martin, Jr. is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Tyger River Correctional Institution in Enoree, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 28, 2011. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On July 26, 2011, Respondent filed a motion for summary judgment in which he argued that Petitioner's federal habeas claims are procedurally barred. By order filed July 28, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. When no response to the motion for summary judgment was received, the Magistrate Judge issued a Report and Recommendation in which he recommended that the § 2254 petition be dismissed for failure to prosecute and/or failure to comply with orders of the court. See Fed. R. Civ. P. 41(b). In the alternative, the Magistrate Judge recommended that the claims set forth in Petitioner's § 2254 petition be dismissed as procedurally defaulted.

On September 23, 2011, Petitioner filed objections to the Report and Recommendation and

a motion to file a response to Respondent's motion for summary judgment. ECF Nos. 31, 32. Petitioner contended that he mailed his response to Respondent's motion to the Office of the Clerk of Court on August 3, 2011. However, the response was not received. Petitioner moved the court to allow him to resubmit his response to Respondent's motion. The court granted Petitioner leave to file a memorandum in opposition to Respondent's motion for summary judgment no later than February 13, 2012. The court informed Petitioner that it would take Petitioner's response into account in reviewing the Magistrate Judge's Report and Recommendation. Petitioner filed a response in opposition on February 13, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Petitioner was indicted in the Court of General Sessions in Horry County, South Carolina, for criminal sexual conduct with a minor in the second degree. Specifically, Petitioner was alleged to have sexual intercourse with his fourteen year daughter, which resulted in her pregnancy and eventual miscarriage. Petitioner, who was represented by counsel, entered a plea of guilty before the Honorable Edward B. Cottingham on January 11, 2006. Petitioner was sentenced on February 13, 2006 to eighteen years incarceration. He was also found to have been involved in a violent sexual act as defined by the Violent Predator Act. Petitioner filed a pro se notice of appeal on February 23,

2006.

A brief pursuant to Anders v. California, 386 U.S. 738 (1967), was filed on Petitioner's behalf by the South Carolina Commission on Indigent Defense. ECF No. 25-2. The Anders brief raised the following issue:

> Whether appellant's truncated waiver of rights colloquy failed to satisfy the mandates of Boykin v. Alabama, 395 U.S. 238 (1969)?

Petitioner also filed a pro se brief.[1] The South Carolina Court of Appeals dismissed the appeal by

---

[1] Petitioner's pro se brief is not included in the record. According to Respondent, Petitioner raised the following arguments in his pro se brief: (1) "Did the trial court err, and or has the defendant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, as well as Article IV§2 and his due process rights violated by the indictment(s) of South Carolina, as constructed, possessing a structural constitutional error and or defect, by it's language and or charge contained therein, which did create and or form conclusive presumption(s), that took away the Appellant's presumption of innocence, and automatically shift the burden of persuasion to the defendant, in regard to the crucial element(s) of disputative a guilty plea that was not freely, knowingly, voluntarily or intelligently given in violation of the Appellant's due process rights[;]" (2) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, and his due process rights violated, as well as rules of court, to include rules of criminal procedure, by the "procedural defect", in that the prosecuting agents acted as sole witnesses on the warrant(s) and or the indictment(s)?[;]" (3) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution , and his due process rights violated, as well as rules of court, to include rules of criminal procedure, as well as the court lacking subject matter jurisdiction, and or was prohibited from enacting and or invoking it's subject matter jurisdiction power, by the "procedural defect", in that there was no "[w]ritten" order of continuance obtained in pursuant to Article V§4 of the S.C. Const.?[;]" (4) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, as well as Article IV§2, and his rights of due process violated, by the indictment's failure to sufficiently and properly allege how the battery was accomplished?[;]" (5) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, as well as Article IV§2, and his rights of due process violated, by the trial court and or prosecuting body, allowing constructive amendment of the indictment(s) at the Appellant's trial and or plea hearing?[;]" (6) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, and his rights of due process violated, by his guilty plea not being freely, knowingly, voluntarily or intelligently given, due to the Appellant not being advised of possibility of parole?[;]" (7) "Did the trial court err, and or was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, and his rights of due process violated, by his guilty plea not being freely, knowingly, voluntarily or intelligently given, due to the Appellant not being advised of his right to appeal?"

3

unpublished opinion filed April 7, 2008. See State v. Martin, Unpublished Opinion No. 2008-UP-218 (S.C. Ct. App. 2008). Remittur was issued on June 19, 2008.

Petitioner filed an application for post-conviction relief (PCR) on October 20, 2008, alleging that he had received ineffective assistance of counsel and that his guilty plea was involuntary. ECF No. 25-3, 3-9. A PCR hearing was held before the Honorable Larry B. Hyman on January 26, 2009. Petitioner was represented by counsel. Petitioner testified that trial counsel forced him to plead to a fraudulent indictment to avoid additional charges being brought by the Horry County Solicitor. Id. at 37. Petitioner also testified that trial counsel was ineffective for failing to object to a letter written by the victim that was presented at the guilty plea proceeding. Id. at 47-48. According to Petitioner, the letter was written by the victim's mother and contained false information. Id. at 49.

Petitioner contended that the victim initiated the intercourse while he was intoxicated, and that had he gone to trial he would have been found guilty of the lesser included offense of assault and battery of a high and aggravated nature. ECF No. 25-4, 1. Petitioner alleged that trial counsel was ineffective in failing to object to the indictment as not describing the sexual battery with specificity. Id. at 5. Petitioner further alleged that trial counsel was ineffective in failing to inform Petitioner that he would be ineligible for parole. Id. at 6. Petitioner further asserted that trial counsel was ineffective in failing to argue the court lacked subject matter jurisdiction because no written order of continuance was obtained and because the indictment purportedly was defective. Id. at 7-9.

Trial counsel testified that he repeatedly attempted to explain to Petitioner that he would be subject to criminal liability despite his position that the victim initiated the intercourse when Petitioner was intoxicated. Id. at 43. Trial counsel noted that the trial judge queried Petitioner at the guilty plea proceeding regarding any complaints against trial counsel and Petitioner's satisfaction

4

with trial counsel's performance. Id. at 45. Trial counsel testified that the indictment was facially valid. Id. at 46. It does not appear that trial counsel was queried at the PCR hearing regarding the letter from the victim regarding the crime.

The PCR judge ruled at the hearing that there was no evidence to suggest that the indictment was defective or that counsel was ineffective, or that Petitioner had a valid defense to the charge. ECF No. 25-5, 3-4. On February 11, 2009, the PCR judge issued an Order of Dismissal With Prejudice. Id. at 6-12. Among other things, the PCR judge found:

> The Applicant alleged that his indictment was flawed because it was not appropriately clock stamped by the clerk of court. He also stated that the solicitor failed to follow the proper procedural rules with respect to the indictment. He testified that the indictment was insufficient because it did not fairly apprise him of the elements of the offense, particularly with respect to the "sexual battery" element. Finally, he contended that the indictment was a fraud because there was no properly constituted grand jury at the time the indictment was supposedly true-billed. However, he acknowledged that the document indicated that it was stamped "true bill" by "Aaron Brown," grand jury foreman, and dated February 26, 2004. He also acknowledged that he was aware that he was charged with having sex with his biological daughter.
>
> This Court finds that the Applicant failed to prove that the indictment in this case had any fatal defects. This Court finds that the indictment was proper on its face, and that the indictment was obtained within the time frame permitted by Rule 3(c), SCRCrimP. Further, even if procedural defects had occurred, these would not affect the subsequent prosecution of the Applicant. See State v. Edwards, 374 S.C. 543, 649 S.E.2d 112 (Ct. App. 2007) (Rule 3 is administrative and confers no substantive rights). Additionally, the indictment sufficiently stated the elements of the offense, and the Applicant was on notice of the charge he was facing. Finally, the Applicant presented no credible evidence of "fraud" with respect to the grand jury. See, e.g., Weathers v. State, 319 S.C. 59, 62, 459 S.E.2d 838, 839 (1995) (regularity and legality of proceedings in general sessions court is presumed absent evidence to the contrary). These allegations are without merit and must be dismissed.

PCR counsel filed a notice of appeal on February 17, 2009. ECF No. 25-8. Petitioner filed a pro se motion to alter or amend the judgment pursuant to S.C. R. Civ. P. 59(e) on February 25,

5

2009. ECF No. 25-5, 16-23. The PCR judge denied the motion to amend on March 16, 2009, noting that jurisdiction had been transferred to the South Carolina Supreme Court upon the filing of the notice of appeal. ECF No. 25-9.

On or about November 30, 2009, a petition for writ of certiorari pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1988), was filed on Petitioner's behalf by the South Carolina Commission on Indigent Defense. ECF No. 25-10. The petition raised the following issue:

> Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to object to the insufficient indictment?

Petitioner also filed a pro se brief.[2] The South Carolina Supreme Court denied the petition for writ of certiorari by order dated January 7, 2011. Remittur was issued on January 25, 2011.

In his § 2254 petition, Petitioner alleges the following ground for relief:

> **GROUND ONE**: The PCR judge erred in not granting the Petitioner Relief in PCR due to ineffective assistance of counsel in failing to motion for charges be dismissed and failing to object to the insufficient indictment by the indictment failing to allege what type of battery was performed thereby violating his 5th, 6th, and 14th Amendments of the Constitution as well as Article IV § 2 and his rights of due process violated by the indictments failure to sufficiently and properly allege how the battery was accomplished.

## II. DISCUSSION

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

---

[2] The pro se brief does not appear in the record. According to Respondent, Petitioner alleged as follows: (1) "the trial court lacked subject matter jurisdiction due to the solicitor's use of a prohibited practice before the grand jury[;]" (2) "the trial court lacked subject matter jurisdiction due to the non-coextensiveness of jurisdiction between the trial court and grand jury[;]" (3) "the trial court lacked subject matter jurisdiction due to the repealment of the jurisdiction of county courts and their grand juries[;]" (4) "the trial court lacked subject matter jurisdiction due to the non-action of a grand jury of competent jurisdiction[;]" and (5) "[t]hrough Fruit of the Poisonous Tree Doctrine, the trial court lacked subject matter jurisdiction by invalidity of arrest and warrant[.]"

Under § 2254(a), the court must entertain an application for a writ of habeas corpus on behalf of a person in state custody in violation of the Constitution or laws or treaties of the United States. A § 2254 petition filed by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Further, a § 2254 petition filed by a person in state custody
>
> shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The Magistrate Judge determined that Petitioner's ground for relief was procedurally defaulted because it was not raised to and ruled on by the PCR judge. The Magistrate Judge noted that the PCR judge ruled on the issue of whether the indictment was flawed because it was not properly clock-stamped by the clerk of court, and the whether the Solicitor failed to follow the proper procedural rules with respect to the indictment. However, the PCR judge did not address the issue of trial counsel's ineffectiveness in failing to move that the charges be dismissed based on the

allegedly insufficient indictment, which did not express what form of battery was performed. The Magistrate Judge noted that, even assuming Petitioner raised this specific issue before the PCR judge, Petitioner failed to move pursuant to S.C. R. Civ. P. 59(e) for a ruling. The Magistrate Judge determined that failure to do so results in a procedural bar. See Marlar v. State, 653 S.E.2d 266 (S.C. 2007) (holding that a Rule 59(e) motion must be filed if issues are not adequately addressed in order to preserve the issues for appellate review). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted.

As an initial matter, the court notes that Petitioner alleged the following with respect to the indictment. Petitioner contended that the indictment never went to a grand jury. ECF No. 25-3, 26. Petitioner contended trial counsel was ineffective for trying to tell Petitioner that the indictment was just a piece of paper. Id. at 39. Petitioner asserted that trial counsel was ineffective by failing to bring to the trial judge's attention that the indictment failed to sufficiently allege how the battery was accomplished. ECF No. 25-4, 3. Petitioner also asserted that trial counsel was ineffective for failing to bring to the trial judge's attention the constructive amendment of the indictment. Id. at 5. However, Petitioner did not raise the specific issue that trial counsel was ineffective for failing to move to dismiss the indictment as inadequate because the indictment did not allege what type of battery was performed.

In addition, Petitioner did not raise this specific issue in his Rule 59(e) motion. Petitioner asserted that the trial judge erred in "constructive amendment" of the indictment at the guilty plea proceeding. ECF No. 25-5, 18. Petitioner alleged that the trial judge erred in allowing the indictment to insufficiently allege how the battery was accomplished. Id. Petitioner alleged that the trial judge lacked subject matter jurisdiction because of the alleged errors and defects in the

indictment. Id. at 19. Petitioner further argued that trial counsel was ineffective for failing to move to quash the indictment on the grounds that State v. Gentry, 610 S.E.2d 494 (S.C. 2005) (holding that the concepts of subject matter jurisdiction and sufficiency of an indictment are distinct), was erroneously decided. Id. at 25.

In the court's view, South Carolina courts have not had the opportunity to resolve Petitioner's constitutional claim of ineffective assistance of counsel with regard to failing to move to dismiss the indictment. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting that rule of comity "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance) (internal quotation omitted). Moreover, S.C. Code Ann. § 17-27-45 provides that a PCR application must be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon appeal, whichever is later. Petitioner would be procedurally barred from raising the specific claim in state court. The procedural-default rule of section 17-27-45 is an adequate and independent state ground precluding federal habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998).

Moreover, as the Magistrate Judge properly noted, failure to properly request a ruling pursuant to Rule 59(e) results in a procedural bar. The court agrees with the Magistrate Judge that the issue raised by Petitioner in his § 2254 motion is procedurally defaulted.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Respondent's motion for summary judgment (ECF No. 24) is **granted**.

Petitioner's petition for a writ of habeas corpus is **denied** and dismissed, with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

March 9, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**